Cueia, per
Nott, J.
It is unnecessary to trace the history of the bill in order to ascertain in what manner Pendleton Page became a party in the case. It is sufficient to state that it has become a question, whether he is entitled to the two sums above mentioned out of the estate of the said James M’Morris; or whether the debts are fraudulent; or, if due at all, whether they, or either of them, were contracted under such circumstances that they ought to be postponed to the demand of the complainants.
The grounds on which the complainants rest their claims are,
The doctrine of Us pendens being notice to all the ^extended* beyond the property, the immediate ob-suit °f th<3
Ifapurcha-ser buys the gatof he'111" takes it^sub-claims of the bufevenTn ’ those cases the principle is cautiously admitted.
1. That the filing of the bill was notice to all the world of complainants’ demand; and that therefore every person purchasing the property, or taking any in-cumbrance upon it, must take it subject to that claim.
2. That if the bill itself did not operate as notice the order of sequestration ought to have relation back, and to operate as a lien on all M’Morris’s property from the time of filing the bill, which was anterior to the mortgage.
3. That on various other grounds, the sale of both the ]an¿ an(j negro to Page ought to be considered as frau- ° , . . dulent and void against these complainants.
On the first ground, I concur with the Chancellor, that ^he doctrine of “lis pendens” being notice to all the . „ . , world ought not to be carried too tar. it ought not to be extended beyond the property which is the immediate object of the suit. Nor do the authorities authorize a J . . , greater extension of it. The object is to prevent that interminable round of litigation which must ensue if property might be shuffled from hand to hand to elude the process of the law. It is then a wholesome and sound principle of law, that when a person purchases property while the subject of litigation, he must be held to take it, subject to the claim which the complainant has upon it. Were it not so, a person might be perpetually in pursuit of his rights without ever being able to overtake them. Therefore where a person purchases an estate during the pendency of an action to try the title, or where a bill is filed to obtain an estate which is charged with the payment of debts, the estate will be subject to those prior claims. Walker v. Smallwood, Amb. 676. Sorrell v. Carpenter, 2 P. Wms, 482. But even in those cases the Courts admit the principle cautiously. Therefore in the case last mentioned, Lord Kins would not let the complainant amend his bill to en *265 able him to set aside a sale made pending a suit, because it appeared that the defendant was a bona fide. purchaser, without any notice except what was implied from the pendency of the bill. It does not appear to me therefore that the title of the defendant can be impeached on that ground.
gag°^v™”by the. defendant pmpertjTan-ter,ior‘° an order for sequestration, quentiy to the ®!}?s *h,e priority to the anTafthough’ n!01'fSaSe was given to secure advan-subsequently6 thereto, “ at different pe-nods,” to the todfSfnLt„ Provi-sions for his family,” itwill extent ofthe*5 advances; which the mortgage beenac-hiaily advan-
The second ground appears to be equally untenable. The order for the sequestration was anterior to the mortgage; and can only take effect from the time it was awarded. Burdett v. Rockley, 1 Vern. 68. It cannot v? be made to trace relation back to the time of filing the bill so as to overreach a bona fide contract, previously entered into.
The third ground I think is entitled to more consideration. With regard to that part of the defendant’s claim which was secured by the mortgage of the 7 ° of land, I do not see' any ground on which the Court can interfere. It appears to be a regular merchant’s account liquidated by note, and as far as I can discover, for a , j. 7 -i • . -ii7 bona fide consideration. A considerable part of it was for articles purchased by his daughters, and perhaps an amount which did not exactly comport with . . . nomy which the situation of his affairs at that time seemed to require. But it was not so extravagant as to furnish such evidence of fraud as to authorize the interposition « - . ~ x Of this Court. *
The mortgage of the negro Will, however, stands upon different grounds. The two mortgages bear cotempo-raneous date. And it is very apparent from the testimony that it was the object of the parties to make a final settlement of all accounts between them at that time. That not only appears from the face of the papers, but from the declaration of the defendant himself. He was desirous of effecting a settlement, and getting security for his debt on account of the sinking situation *266 in which he considered M’Morris to be. It is further apparent from the circumstance, that although a mortgage .of the negro was given, it was not accompanied with any evidence of a subsisting debt. Nor has the' defendant himself when examined on oath been able to give any satisfactory account of the consideration for which it was given. But it is explained by the other testimony; by which it appears, that it was intended as a security for future advances to be made for the support of M’Morris’s family. It was incumbent on him, therefore, to shew how much he had actually advanced. It does appear that he has made advances in pursuance of that contract, and on faith of the property mortgaged to the amount of about sixty dollars. That sum therefore he is entitled to retain out of the proceeds of the sale of the negro, and no more.
It is therefore ordered and decreed, that so much of the Chancellor’s decree, as ■ relates to the defendant’s debt which was secured by the mortgage of the land, be affirmed ; and that the decree be so modified, that he be also allowed to retain out of the proceeds of the sale of the negro the money which he has advanced on that account, with the interest thereon; and that it be referred to the Commissioner to ascertain the amount, and that the balance be paid into the hands of the receiver for the benefit of the complainants(1).
*267 The Court concur in opinion with the Chancellor so far as the decree relates to the case of Hatton, and the motion therefore in that case is refused.

Decree modified.

 In Partridge v. Gopp, 1 Eden’s Cha. Rep. 163, Ambl. 596, the doctrine of “pendente lite” was carried farther than in this decree. The mortgage here, so far as it embraced future advances to be made for the support of M’Morris’s fámily, was certainly not less voluntary than the gift of £500 apiece by Shewell to. his two daughters for their maintenance, pending a suit against him to account as executor under circumstances very similar to those of the present case. In both cases it is as Lord Keeper Heni/ey said, “ affection getting the better of justice:” and as M’Morris might afterwards demand the supplies.himself for his family, it is something *267 like “ a reservation for his own benefit.” But Partridge v. Gopp has been said to have gone farther than any other case. See Eden’s and Ambler’s notes to that case. See ante, Adm. of Rutledge v. Exec, of Smith, page 119.